**WO**

JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose de Jesus Valenzuela-Gaxiola, | ) | No. CV 05-3754-PHX-MHM (MEA) |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Tom Long, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner Jose de Jesus Valenzuela-Gaxiola has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition will be dismissed with leave to amend.

**A.  Background**

On September 12, 2005, Petitioner was convicted of possession with intent to distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)(II).  See United States v. Valenzuela-Gaxiola, No. CR 04-0789-TUC-FRZ (D. Ariz.).  He was sentenced to 72 months imprisonment.  Petitioner is presently serving his sentence in Eloy, Arizona.  In his Petition for Writ of Habeas Corpus filed with this Court, Petitioner contends that the Bureau of Prisons has miscalculated his good time credit.

**B.  Summary Dismissal**

The Rules Governing Section 2254 Cases may be applied to habeas corpus petitions other than those brought under 28 U.S.C. § 2254.  See Rule 1(b), Rules Governing Section 2254 Cases.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, promptly after

**JDDL**

the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243. If the Petitioner is not entitled to relief, the petition must be summarily dismissed. Id.; Obremski v. Maass, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule 12(b)(6)).

Under Rule 4, district courts must take an active role in summarily disposing of facially defective petitions. Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). This summary dismissal power is not without limits. Id. at 1128. A court must give a petitioner notice and an opportunity to respond to the argument for dismissal. Id.; accord Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). When the petitioner is *pro se*, the court must make clear the issue and the consequences for failing to respond. Boyd, 147 F.3d at 1128. Because the Court finds that Petitioner's application is facially defective, Petitioner is hereby given notice, and he will be permitted thirty days to respond or file an Amended Petition.

**C.  Good Time Credit Calculation**

Petitioner contends that the Bureau of Prisons has failed to properly calculate his good time credit under 18 U.S.C. § 3624(b). Section 3624(b)(1) provides, in part that:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1) (emphasis added). Petitioner was informed that he would receive 54 days of credit for each year *served*, or 282 days, but Petitioner believes that he should receive 54 days of credit for each year of his *imposed* 51-month sentence, for a total of 324 days.

The Ninth Circuit Court of Appeals squarely addressed the Bureau of Prison's interpretation of 18 U.S.C. § 3624(b)(1) in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). The Bureau of Prisons has interpreted "term of imprisonment" in § 3624(b)(1)

to mean the actual time served and not the length of the imposed sentence. Id. at 1270-71. The Ninth Circuit found that the "term of imprisonment" was ambiguous, but that the interpretation by the Bureau of Prisons was entitled to deference because it was reasonable. Id. at 1271. Petitioner relies on White v. Scibana, 314 F. Supp. 2d 834 (W. D. Wis. 2004), and Moreland v. Federal Bureau of Prisons, 363 F. Supp. 2d 882 (S. D. Tex. 2005), for the proposition that "term of imprisonment" means sentence imposed rather than sentence served. But both of those decisions were reversed on appeal. White v. Scibana, 390 F.3d 997, 1001 (7th Cir. 2004) (agreeing with Pacheco-Camacho that "term of imprisonment" means sentence imposed); Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005) (same). Accordingly, the Petition will be dismissed as meritless and Petitioner will be given thirty days to respond or file an amended petition.

### D. **Amendment**

Petitioner may choose to amend his Petition. The Clerk of Court will be directed to provide Petitioner with a form for filing a habeas action pursuant to § 2241. Petitioner is advised that the Amended Petition must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Petition by reference. Any Amended Petition submitted by Petitioner must be clearly designated as such on the face of the document. An amended petition supersedes the original petition. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, grounds alleged in an original petition which are not alleged in the amended petition are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

### E.  **Warning of Possible Dismissal Pursuant to Rule 41**

Petitioner should take notice that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the Petition and this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik, 963 F.2d at 1260 (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED:**

(1) That Petitioner shall have **30 days** from the date this Order is filed to either file a Response regarding why the Petition should not be dismissed or to file an Amended Petition.  The Amended Petition must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Petition by reference.  Any Amended Petition  submitted by Petition should be clearly designated as such on the face of the document.

(2)  That at all times during the pendency of this action, Petitioner shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Petitioner shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(3)  That the Clerk of Court shall enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner, if Petitioner fails to file a Response or Amended Petition within 30 days of the date this Order is filed.

(4)  That the Clerk of Court shall provide to Petitioner a current court-approved form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

DATED this 27th day of March, 2006.

Mary H. Murguia
United States District Judge

_____
Name

_____
Prison Number

_____
Place of Confinement


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


_____, )
Full Name                            )
                                     )
                                     )
                    Petitioner,      )
                                     )   _____
            vs.                      )   Case Number (To be supplied by
                                     )   by the Clerk, U.S. District
_____, ) Court)
(Name of Warden, Superintendent,     )
Jailor, or authorized person         )
having custody of petitioner.)       )   PETITION FOR WRIT OF HABEAS
                                     )   CORPUS BY A PERSON IN FEDERAL
                                     )   CUSTODY (28 U.S.C. § 2241)
                                     )   (Do not use this form if you
                                     )   are challenging a state or
                    Respondent.      )   federal judgment or conviction
                                     )   and sentence)
_____)


_____
**PETITION.2241 (Revised 9/1/91)**

**530**

INSTRUCTIONS - READ CAREFULLY

(1)   This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.   Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.  Where more room is needed to answer any question, attach additional pages.

(2)   Additional pages are <u>not</u> permitted except with respect to the <u>facts</u>  which you rely upon to support your grounds for relief.   No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)   Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

(4)   If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the Declaration on the last two (2) pages, setting forth information establishing your inability to prepay the fees and costs or give security therefor.  If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the Certificate as to the amount of money and securities on deposit to your credit in any account at the institution.  If your prison account exceeds $25.00 you must pay the filing fee as required by the Rules of the District Court.

(5)   Only one unlawful confinement, time credit loss, or parole matter, etc., may be challenged in a single petition.  If you challenge more than one, you should do so by separate petitions.

(6)   Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition.

(7)   When the petition is fully completed, <u>the original and two (2) copies</u> must be mailed to:

<u>Phoenix & Prescott Divisions</u>:     **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                   U.S. District Court Clerk
U.S. Courthouse, Suite 321                  U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010


(8)   Petitions that do not conform to these instructions will be returned with a notation as to the deficiency.

2

PETITION

1.  Name and location of court that entered the judgment of conviction: _____

2.  Date of judgment of conviction:_____
    Case Number:_____

3.  Length of sentence:_____ Sentencing Judge:_____

4.  Nature of offence(s) of which you were convicted:_____
    _____
    _____
    _____
    _____

5.  Did you appeal from the judgment of conviction?  Yes( )   No( )

6.  If you did appeal, give the following information for each appeal:
    a.  (1)  Name of court_____
        (2)  Result_____
        (3)  Date of result_____
        (4)  Citation or number of opinion_____
        (5)  Grounds raised (list each)
             (a) _____
             (b) _____
             (c) _____
             (d) _____

    b.  (1)  Name of court_____
        (2)  Result_____
        (3)  Date of result_____
        (4)  Citation or number of opinion_____
        (5)  Grounds raised (list each)
             (a) _____
             (b) _____
             (c) _____
             (d) _____

7.  State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.  If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

<u>CAUTION</u>: In order to proceed in the federal court you must ordinarily first exhaust your administrative remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted administrative remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds that you may have other than those listed if you have exhausted all your administrative remedies with respect to them.  However, <u>you should raise in this petition all available grounds</u>.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds that you choose.  <u>Do not check any of the grounds listed below</u>.  The petition will be returned to you if you merely check (a) through (m), or any one of these grounds:

(a)  Conditions of confinement violate a constitutional right.

(b)  Prison regulations, on their face or as enforced, are violative of the Constitution or other federal law.

(c)  Prison transfer has been threatened, carried out, or denied in violation of federal constitutional or statutory law.

(d)  Confinement is at a place forbidden by statutory law.

(e)  Convicted person's prisoner classification violates federal constitutional or other law.

(f)  Good time credit has been ended or forfeited in violation of federal constitutional or statutory law.

(g)  Credit for time spent in jail prior to sentencing or pending appeal has been denied in violation of federal constitutional or other law.

(h)  Prison officials have refused to release the convicted person, even though he has served his sentence or is entitled to mandatory release.

(i)  Parole was denied, postponed, rescinded, or revoked in violation of federal constitutional or other law.

(j)  A parole violation warrant was issued or executed in violation of federal constitutional or other law.

(k)  There has been an unlawful refusal to terminate parole.

(l)  Convicted person is suffering adverse effects from a federal or state detainer lodged against him in violation of federal constitutional or other law.

(m)  Custody is otherwise subject to collateral attack by reason of the conduct of prison or parole authorities.

A.   Ground One: _____

_____

_____


Supporting FACTS (tell your story _briefly_ without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


A-1. Did you exhaust all administrative remedies relating to Ground
     One?     Yes (  )   No (  )

A-2. This issue was presented:
     (  ) To the Parole Commission
     (  ) To the Office of General Counsel
     (  ) Other _____

A-3. If the answer to A-1 is "no," explain why the issue was not
     raised. _____

_____

_____

_____

_____

_____


B.   Ground Two: _____

_____

_____


Supporting FACTS (tell your story _briefly_ without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B-1. Did you exhaust all administrative remedies relating to Ground
     Two?     Yes ( )   No ( )

B-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

B-3. If the answer to B-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____


C.   Ground Three: _____
_____
_____


Supporting FACTS (tell your story briefly without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____


C-1. Did you exhaust all administrative remedies relating to Ground
     Three? Yes ( )   No ( )

C-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

C-3. If the answer to C-1 is "no," explain why the issue was not
     raised. _____
_____
_____
_____
_____
_____

D.   Ground Four: _____
_____
_____

Supporting FACTS (tell your story briefly without citing cases or law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D-1. Did you exhaust all administrative remedies relating to Ground Four?  Yes ( )   No ( )

D-2. This issue was presented:
     ( ) To the Parole Commission
     ( ) To the Office of General Counsel
     ( ) Other _____

D-3. If the answer to D-1 is "no," explain why the issue was not raised. _____
_____
_____
_____
_____

8.   Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?  Yes ( )   No ( )

9.   If your answer to Question No. 10 was yes, give the following information:
     (a)  Name of Court_____
     (b)  Nature of proceeding_____
     (c)  Grounds raised_____
          _____
          _____
     (d)  Result_____
     (e)  Date of result_____
     (f)  Citation or number of any written opinions or orders entered pursuant to each disposition_____

7

10.  If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____
_____
_____
_____
_____
_____
_____
_____
_____

11.  Are you presently represented by counsel?  Yes ( )  No ( )
     If so, name, address, and telephone number:_____
     _____
     Case name and court_____
     _____

12.  If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?  Yes ( )  No ( )

        WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

        I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


Executed on _____        _____
                  (date)                      Signature of Petitioner



_____
Signature of Attorney (if any)

8